The Federated Life Insurance Company has chosen not to file a response, so I believe you're our only party represented here today. Is that your understanding? Yes, it's my understanding, Your Honor, and I would normally reserve time for rebuttal, but I guess that's not necessary. You're up. Good morning. Mary Lehman for the appellant OHI, which is the religious mission of the Free Sacred Trinity Church. This is an issue of first impression in this Court and in this circuit, and regardless of whether this Court's decision is, we request that it be published. Win or lose, we'd like it published. I put that out there. The issue here is when a non-party church is faced with an order to produce discovery that implicates First Amendment rights. We get about one discovery request a month, and we're always a non-party to the case. There's no law out there that says what the standard is as to, as a non-party church, when we're required to produce this information. It's a burden on us because the different courts supply different standards. I'm clear what the law should be, and we need law. We need law as to what that standard is. Do you get discovery requests because, routinely, because why? I believe that they're essentially fishing expeditions. When anyone is discovered that anyone has attended our mission, we get a discovery request for people to try to find information about litigants. We are not a party to these cases. How many discovery requests do you get? In the record, the second declaration of our ecclesiastical superior, Reverend Knees, he states that they receive approximately one a month. And because of why? I'm sorry. I'm trying to understand. I'm not quite sure. Is there legal action being taken? It's not against us. This is another context, and they could be state discovery requests or federal court discovery requests. But we run two- But aren't these discovery requests in the nature of collateral proceedings, such as personal injury, Title VII, all the other things that go towards someone who claims some association or employment with your church or your organization, and they're saying, I was perfectly fit, and now I'm disabled or I'm injured or I'm something else. And they need those records to prove a fact or disprove a fact in a collateral proceeding. And how does that implicate your First Amendment right? I don't get that. Well, I guess you can call it a collateral proceeding, but I guess the point is, too, that we are not a party. And there's case law that says when you're not a party to a case, the right to obtain discovery against a non-party is less, especially when First Amendment rights are implicated. Well, the – if I understand it, what – your client is engaged in providing treatments and helping people who are having difficulties? Is that what you're saying? Not – treatments, not at all. We – What do you describe the work of your client? Okay. Free Sacred Trinity Church has an exclusively religious mission called OHI. And it is – people attend OHI as a spiritual retreat, and both have been recognized under California and state law as religious institutions. And our religion is based on the ancient Essene concepts. It's a Gnostic ascetic belief that is an integrated mind, body, spirit. Okay? So it is a more holistic religion. And so we have – and it's available on the website, and we indeed produce the information that's available on the website. We have prayer meetings three times a day and meditation. But we also have things about, you know, holistic eating and raw foods. So it's holistic and not a traditional, you know, like Catholic church worship. But it's not a cult, and it's uncontested that we do not provide medical care. We don't diagnose, and we don't treat anything medical. And these people – and especially in this case, this person was not an employee that they were trying to get information about. She was a missionary, which is a volunteer position. And they're there at the mission to help themselves grow spiritually, emotionally, and heal, and also to help others. The primary – I think – Counsel? I'm sorry. Go ahead. I'm sorry. I was going to say great sympathy for the district court. The district court made a very, very careful and detailed analysis before ordering you to turn over the documents, correct? I mean, you disagree with what the district court did, but they made – he made a very extensive record, didn't he? It was a good effort, but I think it was mistaken. Okay. And how is – let me just follow up with that. Because on pages – I think it's 32 and 33 of your brief, you seem to assert that there's an excessive entanglement problem in this case, merely because the district court looked at those documents that had been requested in camera. And I'm just trying to figure out how this is supposed to work. How is a district court ever going to evaluate a claim of religious privilege if it's not allowed to ever look at these documents? I mean, I agree. It is a very difficult situation, as most First Amendment issues are. I mean, on the one hand, it's very clear that the judiciary and the government is not allowed to decide, well, this is a proper religious concept and this is not. I mean, we can't do that. But on the other hand, you know, you can't just, you know, cloak everything that says, you know, it's religious and it's skateboarding. But that's not what happened here. The district court didn't say, hey, everything here goes. He did a careful review to determine based on the claim and applying a nonreligious law or a nonreligious request for records. Based on her claim, Ms. Kasten's claim that she worked for, you say that it's voluntary, but apparently she claimed that she worked for and provided cheap labor to OHI. Since she was bringing, I think, a disability type of claim, any documents relating to her employment at OHI appeared to be relevant to the underlying suit. And had nothing to do with OHI's right to exercise its religion. So, I mean. Okay. I appreciate the concern and, unfortunately, that's where everybody's coming from. It's like people think that it's relevant, okay, because there's this dispute between the insured and the insured. But first of all, it's not the standard. And we have to, and I agree, the analysis, first of all, is tricky. And, you know, the analysis in my brief is probably not as clear as it should have been. And I'd like to, and that's what we're looking for from this court, is a clear structure of what the analysis should be. The analysis is clear. I mean, the law is clear. There was no religious motivation in seeking these documents. OHI's, you know, pastoral mission was not imposed upon. These documents were narrowly tailored, and the district judge insured that by his review. So I'm just trying to figure out, and there's case law, I think. It's the Smith case where the Supreme Court held that a person may not object based on his religion to a neutral type of law of general applicability. And I'm trying to figure out why doesn't the Smith case control here? Well, the Smith case doesn't control because of the Religious Freedom of Restoration Act, which is meant specifically to overrule the Smith case. And you never, in your briefing, never referred to RFRA, did you? That's true. But we did submit a 28-J letter. All right. Which confirms the reintroduction of the Sherbert case as the correct standard, which we did analyze in our brief. Well, I am confused. This is a claim that the person was disabled and the insurance company acted in bad faith. The question arises as to whether the person was disabled and what the person was doing, doesn't it? If the person is working, they're entitled to employment records to show that the person was working and that they didn't act in bad faith in saying that she wasn't disabled. Now, she's spending her time at your? Mission. Mission. And the question arises, what was she doing? Was she – is she disabled? It's not – it really doesn't – I don't see that it has much to do with what you believe or what was going on during the content of sermons or anything else. Okay. So let's – okay. That is the precise problem. It is relevant. And, you know, we think, oh, it's relevant to these issues in the case. So first of all, it's important to remember we're not a party. We're a church, okay? And we're not a party. So let's – okay. So we have to analyze it, which I think is the best and the clearest argument on the free exercise clause. Okay. So under the free exercise clause, if there's any – Judge Messonnier has a question for you. I'm sorry. I have trouble with your analysis just because you're a third – not a party to the litigation. People all over this country get third-party subpoenas to produce records and documents about prior employment, about their medical concerns. And when you file a lawsuit, you waive a lot of those claims of privilege in many respects, particularly with regard to medical records and things like that, because they become relevant in the context of the ongoing litigation, even though you're a third party. But you seem to want a blanket exception based on First Amendment not to produce anything, and that's what you're asking us to make the different standard, maybe, than the Smith case. Maybe I misunderstand your argument. Okay. No, I'm not asking for a blanket exception. I'm asking for a correct legal analysis under the free exercise clause. The free exercise clause, as it must be analyzed now – Who is free exercise? The free exercise – the Congress cannot make a law that is a substantial burden on the exercise of religion. Whose exercise of religion is being burdened here? It's the church, my clients. And because they want all records of this missionary, okay? In those records, there is private information about drug, criminal history, alcohol problems. There is a spiritual biography that she submitted in her missionary application. Excuse me, but doesn't Rule 37 of the Rules of Civil Procedure protect you in that for a protective order? If you get a blanket document, as all attorneys do, give me everything you've got. And we all know that those are too broad. And usually parties get together and they narrow the scope, because some of those things should be redacted. But they may be relevant in the case of a disability claim in some other area. But doesn't Rule 37 actually protect you under the rubric of the First Amendment? Rule 37 provides the procedural structure, but that's precisely the problem. Relevancy is not the standard. It is the first and most important tenet, and this is a quote of our religion, is the confidentiality of the missionaries, guests, and adherents when they're I believe the district court redacted every name or made sure that the names of anybody else other than Ms. Cason here were redacted. I mean, we're talking about, I think, like a few pages of documents, are we not? It is more than that. How many pages? Approximately 20. Even after the district court went through it, I thought it was less than that. Yes, it was approximately 20. But the point is, is that the nature of our religion and the nature of most religions is to provide a safe and sacred sanctuary where people can, you know, explore their past traumas, their spiritual issues and concerns, and feel free to grow. Like having, you know, like a church retreat, a dark night of the soul, if you were. And if the law is that any time it becomes relevant in a litigation to get information about a person at the safe and sacred sanctuary missions retreat, whichever you will, we have no church. That is the essence of our church. And the essence of most churches is the safeness. Well, just a minute. Let me go back. Because you're asking us to evaluate a tenet of your faith to be a equivalent of a priest-penitent relationship of the confessional or some other religious tenet like that. But those are absolute in a very narrow area. They are not absolute in the overall with regard to other litigation where your documents may become relevant because that's, you're asking for a blanket grant of immunity from non-production in any other area. I am not asking for a blanket grant of immunity. I want a published case, even if we lose, I want a published case that says the standard under the Free Exercise Clause is if there's a substantial burden on any religious practice that you have to show a compelling government interest, and this is the least restrictive way to get this information. And that is the standard under Schubert, and that was recently was reaffirmed by the Religious Freedom and Reformation Act. Thank you very much. Okay. Thank you for your argument. The case is now submitted.
judges: McNamee, Schroeder, Murguia